HINKLE, District Judge,
concurring:
I join the majority opinion in full and add these comments in response to the dissent.
The bank chose to make this real-estate loan. The loan had a modest loan-to-value ratio and was guaranteed by individuals with liquid assets exceeding the amount of the loan. For a bank with liberal lending practices — the FDIC itself has complained of this — this must have been an easy loan to approve. Ultimately, the loan went into default, as did' many real-estate loans made at that time.
The bank was represented by an attorney with an egregious conflict of interest. But a strong case on liability does not mean there was a strong case — or any case at all — on damages. The FDIC is entitled to recover from the attorney only any damages caused by the attorney’s actions. And the FDIC’s only damages theory was that in the absence of the option, the bank would not have made the loan at all.
Not a shred of evidence supports that theory.
The bank was full of officers and loan-committee members who worked on and approved this loan. Several testified that the bank knew there was no option and made the loan anyway. Not a one testified that the bank would not have made the loan in the absence of the option. Not a one.
The bank undoubtedly made and turned down many loans during its existence. The FDIC had all the records. The FDIC was unable to introduce evidence of any proposed loan comparable to this one that the bank turned down, ever. Not a one.
The FDIC has enormous resources and brought them to bear on this case, presenting the testimony of two very well qualified experts. But neither addressed the critical issue: whether, in the absence of the option, the bank would have made this loan. The country is full of banking experts, including one who testified for the FDIC in this case. But the FDIC was *859 unable to find a single expert anywhere in the country who would support its damages theory. Not a one.
Jury verdicts are entitled to enormous deference. But motions for judgment as a matter of law exist for a reason. They exist for cases just like this one.